```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

CAMPANA FERNANDO,              )
                               )
        Petitioner             )
                               )
    v.                         )     Civil Action No.
                               )     04cv11443-JLT
UNITED STATES OF AMERICA,      )
                               )
                               )
        Respondent             )
```

RESPONDENT'S STAY OPPOSITION, AND RETURN AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OR TRANSFER UNDER 28 U.S.C. § 1631 TO CURE WANT OF JURISDICTION

**SUMMARY STATEMENT OF CASE**

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted. Petitioner's final administrative order of removal was entered May 21, 2004, by the Board of Immigration Appeals ("BIA") and petitioner's challenge of the order was required to have been filed at the First Circuit Court of Appeals within 30 days of that date. 8 U.S.C. §§ 1252(b)(1), (2). Petitioner failed to file for such review at the circuit court.

However, and alternatively, should the Court find that petitioner's pro se filing in this Court dated June 16, 2004, and

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

1

accepted for filing on June 21, 2004, falls within the statutory 30-day window for petition for judicial review of the May 21, 2004, BIA decision at the First Circuit,[2] this Court could transfer the matter to the First Circuit Court of Appeals under 28 U.S.C. § 1631 "to cure want of jurisdiction", thereby preserving the filing date in the instant action as a filing date in the court of appeals. See Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001) ("Because Batista filed his habeas petition with the district court within the time permitted for filing a petition for review of the removal order in this court, the district court's transfer of Batista's petition to us under § 1631 was proper.").[3] If the case is not transferable under 28 U.S.C. § 1631, it should be dismissed for lack of subject matter jurisdiction and for failure to state upon which relief may be granted.

The Court should deny the stay request for failure to establish any likelihood of success on the merits, Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003), or defer to circuit court consideration of it if the case is transferred to the First Circuit under 28 U.S.C. § 1631.

Respondent gives notice that it intends to execute petitioner's removal order on **June 30, 2004.**

---

[2] Thirty days from the BIA's May 21, 2004, decision fell on June 20, 2004, a Sunday.
[3] Respondent reserves the right to litigate the timeliness issue at the First Circuit. which is the proper forum to adjudicate that issue.

2

## FACTS AND CASE BACKGROUND

Petitioner is a native and citizen of the Dominican Republic who applied for entry to the United States on October 6, 2001. At that time, the Immigration Inspector conducted record checks that disclosed that petitioner had previously been deported from the United States on March 24, 2001, upon the basis of his drug conviction, and was therefore inadmissible to the United States.

Removal proceedings were commenced once again to remove petitioner from the United States. In removal hearings before the Immigration Judge, petitioner claimed to have derived United States citizenship. However, this claim was found by the Immigration Judge to be unsupported factually, and petitioner was ordered removed to the Dominican Republic, for the second time. See Attachment A, Decision of the Immigration Judge, dated December 12, 2003.

Petitioner appealed the removal order to the BIA, and the BIA affirmed the removal order of the Immigration Judge by written decision dated May 21, 2004, agreeing with the Immigration Judge that petitioner had failed to even establish that his father had become a United States citizen (much less that petitioner himself consequently derived United States citizenship in accordance with law as a matter of fact and law). See Attachment B, Decision of the Board of Immigration Appeals, dated May 21, 2004.

Petitioner did not file any petition for judicial review of his March 21, 2004, removal order at the First Circuit Court of Appeals, but did file a pro se action in the district court dated June 16, 2004, on June 21, 2004.

Petitioner is detained by respondent and is scheduled for his second removal from the United States on **June 30, 2004**.

**ARGUMENT**

I. HABEAS CORPUS REVIEW OF PETITIONER'S REMOVAL ORDER IS BARRED FOR FAILURE TO EXHAUST STATUTORILY PRESCRIBED JUDICIAL REVIEW, BUT THE COURT COULD TRANSFER HIS CASE TO THE FIRST CIRCUIT COURT OF APPEALS UNDER 28 U.S.C. § 1631 TO CURE WANT OF JURISDICTION.

Because petitioner has failed to perfect the statutorily prescribed avenue for judicial review of his BIA removal order, habeas review is barred. Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v.

4

INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").

Moreover, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). See also Laing v. Ashcroft, --- F.3d --- (9th Cir. 2004)(2004 WL 1238961, *1)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus."). By failing to pursue the statutorily prescribed and available statutory judicial review provided by Congress for review of his removal order,

5

petitioner is now disentitled from habeas corpus review of his May 21, 2004, BIA removal order.

However, because pro se petitioner's original filing in this Court was dated June 16, 2004, and accepted for filing on June 21, 2004, if the Court finds that the filing fell within the statutory 30-day window for petition for judicial review at the circuit court of the BIA's May 21, 2004 removal order, this Court could transfer the matter to the First Circuit Court of Appeals under 28 U.S.C. § 1631 "to cure want of jurisdiction", thereby preserving the filing date in the instant action as a filing date in the court of appeals. See Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001) ("Because Batista filed his habeas petition with the district court within the time permitted for filing a petition for review of the removal order in this court, the district court's transfer of Batista's petition to us under § 1631 was proper.").

The fact that petitioner is a criminal alien does not itself bar circuit court review where petitioner appears on petition to dispute the fact of his alienage. The First Circuit Court of Appeals has held that it continues to have jurisdiction to review even criminally based deportation or removal orders where the person ordered removed disputes the determination that he is an alien. See Fierro v. Reno, 217 F.3d 1, 3 (1st Cir. 2000) (statutory restriction on review of criminal alien's removal order "does not bar [petitioner's] claim on review that he is a

6

citizen rather than an alien"); cf. Maghsoudi v. INS, 181 F.3d 8, 13 (1st Cir. 1999) (First Circuit recognizing its jurisdiction to determine whether alien's criminal convictions precluded review of his immigration proceedings).

If the Court finds that petitioner failed to file in the district court within the statutorily prescribed 30-day window, then it should dismiss this action under Foroglou, Mattis, and Groccia, supra.  If the Court finds that the pro se filing in district court *was* within 30 days of the BIA's May 21, 2004, final removal order, the Court may transfer this case to the First Circuit Court of Appeals under 28 U.S.C. § 1631 to cure want of jurisdiction.

II.   EVEN IF HABEAS REVIEW IS AVAILABLE, PETITIONER'S CLAIMS ARE MERITLESS.

At any rate -- assuming habeas review were not barred -- and even allowing for the pro se nature of the filing, the petition fails entirely to state any cognizable claim within the scope of habeas corpus review of removal orders.

Habeas corpus review of removal orders, where it exists, exists only for pure issues of law, not to substitute the district court as a fact finder for the Congressionally prescribed administrative process.  See Goncalves v. Reno, et al., 144 F.3d 110, 125 (1st Cir. 1998) ("[o]ur holding is narrow and nothing we say should be taken to suggest that such [28 U.S.C. § 2241] review as is available on habeas is necessarily as broad as the traditional administrative review available under

old § 106."); Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

Petitioner's allusions on petition relating to the question of his paternity are of no relevance absent satisfaction of the requirements of law and of fact for his naturalization. Petitioner adverts to no basis for derivation under his mother, and has failed to demonstrate in his removal proceedings that his father was ever even became a United States citizen, as required by the derivation statute.[4]  See former 8 U.S.C. § 1432.  In short, petitioner made his full claim for citizenship before the Immigration Judge and the BIA during his removal proceedings, and

---

[4] Repealed by Sec. 103 of Pub. L. No. 106-395, 114 Stat. 1631, 1632-33 (Oct. 30, 2000) ("Child Citizenship Act of 2000").  The amendments made by the CCA due not apply to petitioner because he well over 18 years old (21) as of the effective date of that Act. In Batista v. Ashcroft, 270 F.3d 8 (1st Cir. 2001), the First Circuit adverted to the effective date of the Child Citizenship Act ("CCA") as "effective February 27, 2001", and noted that the petitioner at bar in Batista remained unaffected by the CCA in light of the fact that he had turned age 18 "well before the enactment of the Child Citizenship Act."  Batista v. Ashcroft, 270 F.3d at 15 n.7.  See also Drakes v. Ashcroft, --- F.3d --- (9th Cir. 2003) (2003 WL 1451043, *2) ("The CCA's derivative citizenship provision applies only to children who, as of the effective date of the CCA, see CCA § 104, (1) are under eighteen years of age, (2) have at least one parent who is a U.S. citizen, and (3) reside in the U.S., pursuant to a lawful admission for permanent residence, in the legal and physical custody of the citizen parent. See 8 U.S.C. § 1431(a). As such the CCA does not confer citizenship retrospectively.").

he has now failed to say why there is any legal or constitutional error in the determination of the Immigration Judge and BIA that he has failed to demonstrate that he is a United States citizen.

The petition therefore fails to state any "colorable claims of legal error" within the scope of habeas corpus review. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). Cf. Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003)(Young, C.J.)(Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case.").

In sum, if the Court finds that petitioner failed to file for review of the BIA's May 21, 2004, removal order in the district court within the statutorily prescribed 30-day window, then it should dismiss this action under Foroglou, Mattis, and Groccia, supra. If the Court find that the pro se filing in district court *was* within 30 days of the BIA's May 21, 2004, final removal order,[5] the Court may transfer this case to the First Circuit Court of Appeals under 28 U.S.C. § 1631 to cure want of jurisdiction.[6]

In all events, the Court should deny the stay request for failure to establish any likelihood of success on the merits,

---

[5] See n.2.
[6] Respondent does not concede any jurisdictional and other arguments that may be raised in the circuit court; matters properly for the circuit court if pro se petitioner's misdirected filing is cured by transfer there.

9

Arevalo, supra, or alternatively defer to the First Circuit's consideration of it if this case is transferred there under 28 U.S.C. § 1631.

## CONCLUSION

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought, or if it deems appropriate transfer this case to the First Circuit Court of Appeals to cure want of jurisdiction, under 28 U.S.C. § 1631.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
United States Immigration &
Naturalization Service
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 25, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114