ATTACHMENT A

```
              UNITED STATES DEPARTMENT OF JUSTICE
            EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                       IMMIGRATION COURT
                     Boston, Massachusetts
```

File No.: A 44 449 521                              December 12, 2003


In the Matter of


FERNANDO CAMPANA JANSEN,        )         IN REMOVAL PROCEEDINGS
         Respondent             )


CHARGE:     Section 212(a)(2)(A)(i)(II); 212(a)(7)(A)(i)
            (I); Section 212(a)(2)(A)(i) of the Immigration and
            Nationality Act.


    APPLICATIONS: Continuation of case to determine whether the
                 respondent derived citizenship.


ON BEHALF OF THE RESPONDENT:       ON BEHALF OF THE DEPARTMENT
                                   OF HOMELAND SECURITY:

 Pro se                            William Richards, Esquire
                                   Assistant District Counsel
                                   JFK Federal Building, Room 425
                                   15 New Sudbury Street Boston,
                                   Massachusetts 02203

            ORAL DECISION OF THE IMMIGRATION JUDGE
       The respondent herein is an adult male, native and citizen of the Dominican Republic. Removal proceedings were instituted against him. The respondent's main defense in this action is that he in fact derived citizenship through a United States citizen father. The father apparently died when the respondent was 6 years of age. The father's name, according to the respondent, is Jose Francisco Campana. The respondent's father and mother never married. The respondent has a document

kah

from SSDI that shows that he was awarded a grant of money to begin in 1997, and this was quite a long time after the respondent's father's death.

  I have no indication that the father became a citizen other than the respondent's claim. If he became a citizen, it would be the burden of the respondent to show that his father was a citizen, and further, to show that the respondent derived citizenship from his father. The father was not born in the United States; he became a citizen of the United States according to the respondent's statements.

  Further, the respondent's father had deceased by the time that the respondent came to the United States as a lawful permanent resident on January 28, 1994. The respondent claims that he was present in the United States prior to that time going "back and forth." I find that given the information that I have, I cannot make a determination that the respondent derived United States citizenship.

  The respondent admitted that he was a native of the Dominican Republic. He denied that he was not a citizen or a national of the United States, and he denied that he was a citizen of the Dominican Republic. The Court entered for allegation 6, as well as denial all three charges on behalf of the respondent. The respondent admitted the allegations 3, 4, 5, 7 and 8. The Government has submitted many documents, one of which is the underlying conviction for which the respondent was

A 44 449 521         2        December 12, 2003

kah

S

deported originally, the order of the judge ordering the respondent deported, the conviction record showing that he was convicted of unlawful attempted entry after removal. That is at Exhibit 8. The material from the immigrant visa is at Exhibit 9.

Based on all of the evidence and the testimony and my reasoning stated above, I find that the respondent is not citizen or a national of United States, and that he is a citizen and a national of, the Dominican Republic. And I find, further, that all three charges of removability are sustained by evidence that is clear and convincing.

The Court names the Dominican Republic as the country for removal purposes. The respondent indicated that he is not afraid to return to the Dominican Republic except for the fact that he knows no one there. Apart from that, he has no fear of returning.

It does not appear that the respondent would have a basis for asylum, withholding of removal under 241(b)93), nor relief under Article 3 of the Convention Against Torture. The respondent is not eligible for any other form of relief, and this will be my order:

<u>ORDER</u>

The respondent's motion for a continuance to determine whether or not he derived citizenship, be and the same is hereby denied as the respondent has presented insufficient evidence to show a prima facie case for derivation of United States

A 44 449 521                               2                    December 12, 2003

kah

citizenship.

It is further ordered that the respondent be removed and deported to the Dominican Republic on the three charges in the charging document.

                                              PATRICIA SHEPPARD
                                              United States Immigration Judge

A 44 449 521                         2                        December 12, 2003

<u>CERTIFICATE PAGE</u>

I hereby certify that the attached proceeding before

PATRICIA SHEPPARD, in the matter of:

FERNANDO CAMPANA JANSEN

A 44 449 521

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

```
                          w i s'  r
                          Deposition Services, Inc.
```

(Kimberly A. Ha

```
                          6245 Executive Boulevard
                          Rockville, Maryland 20852
                          (301) 881-3344
```

<u>March 22,</u> <u>2004</u> _____ (Cc