UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>CAMPANA FERNANDO</u>,
         Petitioner,

v.

<u>UNITED STATES</u>,
         Respondent.

CIVIL ACTION
NO. 04-11443-JLT

<u>MEMORANDUM AND ORDER</u>

<u>TAURO, D. J.</u>

    For the reasons stated below, I will transfer this action to the United States Court of Appeals for the First Circuit and issue a 14-day stay of removal so that petitioner has an opportunity to seek a stay of removal from the First Circuit while the transfer is effected.

<u>BACKGROUND</u>

    On June 21, 2004, Campana Fernando, an immigration detainee confined at the Plymouth County Correctional Facility, filed an application to proceed without prepayment of fees and a number of documents bearing the caption of this Court. Among these documents are: (1) a motion for relief from judgment or order; (2) a copy of probate court pleading; and (3) a May 21, 2004 Board of Immigration Appeals ("BIA") decision denying Fernando's claims to derivative citizenship. It appears that Fernando may be attempting to appeal the BIA decision. Counsel for the Department of Homeland Security has informed a deputy clerk of this Court that Fernando is scheduled to be removed on Wednesday, June 30, 2004.

<u>ANALYSIS</u>

    Although I could construe the documents filed by Fernando as a petition for a writ of habeas corpus, it appears that Fernando is actually seeking direct, substantive review of the BIA's decision, and habeas jurisdiction does not extend to such review. 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order under this section); <u>Sousa v. Reno</u>, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause" of § 1252(b)(9)

channels review of removal proceedings exclusively in the court of appeals). Because Fernando has timely filed these documents within the 30-day period for seeking First Circuit review of the BIA decision denying his claims to derivative citizenship, I will transfer this action to the First Circuit pursuant to Section 1631. <u>Batista v. Ashcroft</u>, 270 F.3d 8, 12 (1st Cir. 2001) (approving of transfer under similar circumstances); 8 U.S.C. § 1252(a)(3)(b)(1) (alien seeking judicial review of a removal order must file a petition for review in court of appeals within 30 days of the date of the order); 28 U.S.C. § 1631 (when a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall, in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed).

## CONCLUSION

ACCORDINGLY, this action will be transferred to the United States Court of Appeals for the First Circuit and any removal of Fernando shall be stayed for 14-days from the date of this Order to allow Fernando time to seek a stay of removal from the First Circuit.[1]

The Clerk is directed to send Mr. Fernando a copy of this order by facsimile as well as by regular mail and to enter an order of dismissal without prejudice for this action. SO ORDERED.

| | |
|---|---|
|   6/28/04 | s/ Joseph L. Tauro |
| DATE | UNITED STATES DISTRICT JUDGE |

---

[1] The address of the First Circuit:
    United States Court of Appeals for the First Circuit
    1 Courthouse Way, Suite 2500
    Boston, Massachusetts 02110